**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CENTRO DE PERIODISMO INVESTIGATIVO**<br><br>    Plaintiff<br><br>v.<br><br>**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**<br><br>    Defendant | CIVIL NO. 2019-<br><br>COMPLAINT FOR DECLARATORY RELIEF; PRELIMINARY AND PERMANENT INJUNCTION; MANDAMUS |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF**

> "To permit the government to manage public affairs under the mantle of secrecy is to invite arbitrary actions, poor administration, governmental indifference, public irresponsibility and corruption.  A citizenry which is alert and militant against these potential evils of all government machinery can perform its oversight function only if it has possession of the information which will permit it to discovery the potential dangers in a timely manner and demand responsible action.  To deprive the citizenry of this information is equivalent to producing an aggravated collective paralysis attributable to civil myopia of a citizenry which knows only part of the actions of its government or knows only half-truths related thereto."
>
> Efrén Rivera Ramos, *La libertad de información: Necesidad de su reglamentación en Puerto Rico*, 44 REV. JUR. UPR 67, 69 (1975) (translation provided)

**TO THE HONORABLE COURT:**

NOW COMES the plaintiff **CENTRO DE PERIODISMO INVESTIGATIVO** (*hereinafter "CPI"*), represented by the undersigned attorneys and respectfully states and prays as follows:

I. INTRODUCTION

1.1 This is a civil action for declaratory and injunctive relief and for a writ of *Mandamus* arising under the Constitution of Puerto Rico. It is brought before this court pursuant to the provisions of 42 U.S.C. §1983 and 1988, the Declaratory Judgment Act, 28 U.S.C. §2201, the specific jurisdictional provision in Section 106 of the "Puerto Rico Oversight, Management and Economic Stability Act" of 2016, and Chapter 283 of the "Código de Enjuiciamiento Civil" of Puerto Rico, *32 LPRA Section 3421 et seq.,* relative to the *Mandamus* remedy.

1.2 Plaintiff **Centro de Periodismo Investigativo ("CPI")** is a non-profit organization dedicated to investigative reporting, access to information litigation and training of journalists, for the purpose of obtaining information necessary for the People of Puerto Rico to make informed decisions about the future of Puerto Rico and better understand the realities of the current climate, wherein decisions are being made behind closed doors by people who have not been elected by the People of Puerto Rico.

1.3 In this civil action, the CPI seeks access to documents which are within the power and possession of the **Financial Oversight and Management Board of Puerto Rico** (*hereinafter, "the FOMB" or "the Board")*, an organism created by Congress, with plenary powers in Puerto Rico, including the power to supersede many actions taken by Puerto Rico officials elected by the citizenry.

1.4 In mid-August of this year, CPI made a formal request to the Board for the documents now being sought through this action.

1.5 In response, the Board refused to provide the requested documentation alleging that the right of access to public documents under the Constitution of Puerto Rico does not apply to the Board.

1.6 The actions of the Board violate the Constitution of Puerto Rico, which guarantees access to government documents.

1.7 The granting of the relief sought herein will advance the interest of the People of Puerto Rico, who have a right to know the events which will affect their daily lives and the future of Puerto Rico.

1.8 The current case is solely for declaratory, injunctive and *mandamus* relief, requesting access to information.

1.9 The current action bears no relationship to the "Petition for Covered Territory or Covered Instrumentality," presented by the Commonwealth of Puerto Rico on May 3, 2017 pursuant to Title III of the "Puerto Rico Oversight, Management and Economic Stability Act". *See, Case No. 17-01578, before Judge Laura Taylor Swain, appointed by the Chief Judge of the United States of America. See also, Memorandum Order Granting Motion of Centro de Periodismo Investigativo for Relief from the Automatic Stay, Docket No. 1084, Case No. 17-03283, before Judge Laura Taylor Swain.*

## II. JURISDICTION

2.1 The jurisdiction of this court is invoked exclusively pursuant to the "Puerto Rico Oversight, Management and Economic Stability Act" of 2016, which in Section 106, 48 U.S.C. §2126, provides in relevant part that "... any action against the

Oversight Board …. shall be brought in a United States district court for the covered territory…" (i.e. Puerto Rico).

2.2 This is an action "against the Oversight Board" (otherwise known as "the FOMB" or "the Board").

2.3 Venue is proper in this court pursuant to the above-cited Section 106.

### III. PARTIES

#### Centro de Periodismo Investigativo

3.1 The plaintiff **Centro de Periodismo Investigativo ("CPI")** is a non-profit organization which was founded in 2007.

3.2 It is a news organization which engages in investigative journalism and has won more than 20 national and international awards for its work in this field.

3.3 The CPI has a website, [www.periodismoinvestigativo.com](www.periodismoinvestigativo.com), where citizens *inter alia* can access its investigative articles and related documents, and which has been visited by more than 1 million unique users in the past year.

3.4 Since its inception, the CPI has published articles which are available for free to interested readers and which have been reproduced by more than 25 other news media outlets in Puerto Rico, the United States and beyond.

3.5 In addition to its work as a news medium, the CPI has two other important missions: to assure that the People of Puerto Rico have access to the information they require to exercise their basic rights, and to provide oversight (*"fiscalizar"*) of those governmental bodies which make decisions affecting the rights and the future of the public.

3.6 These two areas of work are related to litigation to assure proper access to information, as well as the education and training of both professionals in the field of journalism and lay-people as to the right of access to information and the methods for assuring compliance with this right.

3.7 Among the employees, contractors and board members of the CPI are dedicated journalists, attorneys and law professors who engage in work designed to assuring that the People of Puerto Rico have access to the information necessary for the exercise of their democratic rights.

3.8 As stated on its website, "the CPI "recognizes that the fundamental requirement for a true democracy is that the citizenry be well informed …". The CPI engages in work to avoid the people being, "ill-informed, unaware of important truths, and limited in their capacity to democratically monitor those who hold power. Being convinced that these tendencies have to be combatted, this is the vision that nourishes the CPI and all of its work." (Translation supplied)

3.9 "With this vision in mind, [the CPI] was organized as an autonomous non-profit entity, which allows it to act with independence from political and commercial interests." (Id., Translation supplied).

**Financial Oversight and Management Board for Puerto Rico**

3.10 The Financial Oversight and Management Board for Puerto Rico was created by virtue of the provisions of the "Puerto Rico Oversight, Management, and Economic Stability Act" of 2016, Public Law 114-187, approved by the 114th Congress

of the United States on June 30, 2016, and signed by then President Barack Obama. 48 U.S.C. §2121(b)(1).

3.11 The Board was established pursuant to Congress's invocation of its power under Article IV §3 of the Constitution of the United States, commonly known as the Territorial Clause. This Clause grants plenary power to the Congress of the United States to dispose of and make all "needful Rules and Regulations" for the territories held by the United States.

3.12 According to Public Law 114-187, "the purpose of the Oversight Board is to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." 48 U.S.C. §2121(a).

3.13 Public Law 114-187 provides that the Board is to be considered "an entity within the territorial government for which it is established..." (i.e. Puerto Rico), 48 U.S.C. §2121(c)(1), and all expenses of the Board are paid for by the Government of Puerto Rico. 48 U.S.C. §2127(b).

3.14 Congress has provided that the Board "shall not be considered to be a department, agency, establishment, or instrumentality of the Federal Government." 48 U.S.C. §2121(c)(2).

3.15 The seven members of the Board were all appointed by the President of the United States. Two members of the Board were selected from a list submitted by the then Speaker of the House of Representatives, Paul Ryan. Two were selected from a list submitted by the Majority Leader of the Senate, Mitch McConnell. Two others were selected from a list submitted by the then Minority Leader of the House of

Representatives, Nancy Pelosi, and two were selected from a list submitted by the then Minority Leader of the Senate of the United States, Harry Reid. The final member was selected by then President Barack Obama. *See* 48 U.S.C. §2121(e).

3.16 The Governor of Puerto Rico is an *ex officio* member of the Board, without any voting rights. 48 U.S.C. §2121(e)(3).

## IV. FACTS

4.1 On August 9, 2019, Carla Minet, a veteran journalist and the current Executive Director of the CPI, directed an email to Edward Zayas, press contact for the Board, and José Luis Cedeño of Forculus PR, in which, on behalf of the CPI, she requested the following:

(a) Records related to communications, inquiries or requests for information, documents, reports or data issued by any member of the Board and/or its staff to any federal government agency or federal government official, or by the federal government, its agencies or staff, to the Board, from April 30, 2018 until the delivery date, including, but not limited to, email and text messages through any digital messaging system.

(b) Communications, reports, inquiries, updates, documents or information provided by any member of the Board and/or its staff to La Fortaleza, its officers, or any other agency or official of the government of Puerto Rico, or by the government of Puerto Rico to the Board, its members or staff, from April 30, 2018 until the delivery date, including, but not limited to, email and text messages through any digital messaging system.

4.2 Since late 2017, the Board has utilized the services of Forculus PR (also known as Forculus Strategic Communications), a firm specializing in communications, public relations and media management services.

4.3 In prior communications with José Luis Cedeño, a representative of Forculus PR, the CPI was informed that all press requests to the Board had to be made through the official email addresses of José Luis Cedeño and Edward Zayas, the Board's press contact.

4.4 At all times relevant to this complaint and as to the matters set forth herein, Forculus PR, and its agents, including employees and/or contractors Edward Zayas and José Luis Cedeño, acted as agents of the Board.

4.5 Ms. Minet's August 9th email indicated to Messrs. Zayas and Cedeño that acknowledgement of receipt of the email and a prompt response would be appreciated.

4.6 Having received no response, on August 12, 2019 Ms. Minet sent a follow-up email requesting confirmation of receipt.

4.7 Again receiving no response, on August 13, 2019 Ms. Minet sent a second follow-up email requesting confirmation of receipt.

4.8 On August 14, 2019, Edward Zayas sent a response indicating that the request for information had been referred to legal counsel, whom would be formally responding to the request.

4.9 On September 4, 2019, Guy Brenner, attorney for the Board in Case No. 17-1743, sent a letter to the undersigned as legal representatives of the CPI in response to Ms. Minet's request for information.

4.10 As stated in the document, it was addressed to the undersigned counsel because of pending litigation in a previous access to information case between the CPI and the Board.

4.11  Mr. Brenner's September 4th letter stated, *inter alia*, that "the right to access documents under the Puerto Rico Constitution does not apply to the Oversight Board", and declined to provide the requested information.

4.12 Mr. Brenner also stated that the current request for information "appears to be an improper attempt to amend the complaint" in the aforementioned Case No. 17-1743, currently before Judge Jay García Gregory.

## V. CAUSE OF ACTION

5.1 In declarations made when he announced the appointment of the seven members to the Board, then President Barack Obama stated that "[i]n order to be successful, the Financial oversight and management Board will need to establish an open process for working with the people and Government of Puerto Rico... [in order to build] a better future for all Puerto Ricans."

5.2 Since the Board is not considered a federal organism, but rather is "an entity within the territorial government for which it is established..." (i.e. Puerto Rico), 48 U.S.C. § 2121(c)(1), and all expenses of the Board are paid for by the Government of Puerto Rico, 48 U.S.C. § 2127(b), the Constitution and laws of the Commonwealth of Puerto Rico apply to its operations.

5.3 Pursuant to Section 4 of the "Puerto Rico Oversight, Management, and Economic Stability Act", 48 U.S.C. § 2103, Puerto Rico law applies with respect to the operation of the Board, as long as it is not "inconsistent with [the] Act".

5.4 There is nothing inconsistent between the right of access to information and the Act establishing the Board.

5.5 In point of fact, providing access to the requested documents would further the purpose of the Financial Oversight and Management Board, as publicly stated by the then President of the United States, Barack Obama, set forth in ¶5.1 above.

5.6 Under the Constitution of Puerto Rico, there exists an undisputed right of the people to access information produced or in the power of the Government of Puerto Rico.

5.7 This right derives from the Constitution of Puerto Rico and is considered a fundamental human right. *See, for example,* Trans Ad PR v. Junta Subastas, 174 DPR 56, 67 (2008); Colón Cabrera v. Caribbean Petroleum, 170 DPR 582, 590 (2007); Ortiz v. Dir. Adm. Tribunales, 152 DPR 161, 175 (2000).

5.8 The Supreme Court of Puerto Rico has observed that this right is a critical component of the rights of free speech, free press and freedom of association set forth explicitly in the Bill of Rights, Article II of the Constitution of the Commonwealth of Puerto Rico. *See, eg.,* Soto v. Srio. Justicia, 12 P.R. Offic. Trans. 597, 607-608 (1982).

5.9 As expressed by the Puerto Rico Supreme Court, access to information constitutes an important component of a democratic society, in which the citizen can issue an informed judgment regarding the actions of the government. Colón Cabrera,

170 DPR at 590. The right to redress grievances is also implicated, in that without knowledge of the facts, one cannot judge, nor demand remedies with respect to grievances against the government either through judicial or electoral processes.

5.10 Given the importance of this right under the Constitution of Puerto Rico, the Government cannot deny access to documents capriciously.

5.11 The Board, as an organism "within" the government of Puerto Rico, has a ministerial duty to comply with the Constitution of Puerto Rico with respect to the public nature of the information and documents sought herein.

5.12 The critical role of the press in guaranteeing access to information has also been recognized in the Constitutional law of Puerto Rico. "[T]he press constitutes a vehicle for information and opinion to inform and educate the public, to offer criticism, to provide a forum for discussion and debate, and to act as a surrogate to obtain for readers news and information that individual citizens could not or would not gather on their own." Santiago v. Bobb y El Mundo, 17 P.R. Offic. Trans. 182, 190 (1986) (*citing* B.F. Chamberlain & J. Brown, *The First Amendment Reconsidered* 110, New York, Longman (1982)).

5.13 The right of access to information is also codified in Article 409 of the Código de Enjuiciamiento Civil, 32 LPRA § 1781 (2015), which provides for access to "public documents" in Puerto Rico.

5.14 The Centro de Periodismo Investigativo has attempted to obtain documents which are critical for providing the People of Puerto Rico with the access to information guaranteed under the Constitution and Laws of Puerto Rico and to

allow the CPI, as an important and respected news organization, to provide information to the people regarding the operations of the Board.

5.15 The right of access under the Puerto Rico Constitution applies to the public documentation requested by the CPI since early August of 2019 and addressed in this Complaint, independently of any prior requests in any other litigation, including Case No. 17-1743.

5.16 The CPI's current request for access to information does not represent an "improper attempt" to amend the pleadings in Case No. 17-1743.

5.17 These efforts by the CPI have been met with a denial on the part of the Board.

5.18 Access to the information requested by the CPI is essential to assure an informed citizenry and the validation of the rights existing under the Constitution and laws of Puerto Rico.

5.19 As previously decided by Judge García Gregory, in an extensive Opinion and Order at Docket No. 36, Case No. 17-1743, the aforementioned rights apply to the Board, as they are not inconsistent with Public Law 114-187.

5.20 Also as previously decided by Judge García Gregory, since Congress designated the Board not only to be paid for by the People of Puerto Rico, but also to be an entity "within" the government of Puerto Rico, the Constitution and laws of the Commonwealth of Puerto Rico apply to the Board.

5.21 There is no adequate remedy at law to address the fundamental constitutional harms for which redress is sought herein.

5.22 The People of Puerto Rico and the population served by the investigative and reporting work done by the CPI will be irreparably harmed if the relief requested herein is not granted.

5.23 The public interest will be served by the granting of the relief requested herein.

5.24 *Mandamus* is an appropriate writ to assure that the Board exercises its ministerial duty to assure compliance with the Constitution and laws of Puerto Rico.

5.25 CPI has complied with all the prerequisites for the issuance of *Mandamus* relief.

WHEREFORE, the plaintiff **Centro de Periodismo Investigativo** hereby requests the following relief:

1. A Declaratory Judgment that the actions of the Board are effectively denying access to the documents set forth in ¶4.1.

2. Issue a preliminary injunction and a permanent injunction, as well as a writ of *mandamus*, ordering the Board to deliver to the **Centro de Periodismo Investigativo** the following documents:

(a) Records related to communications, inquiries or requests for information, documents, reports or data issued by any member of the Board and/or its staff to any federal government agency or federal government official, or by the federal government, its agencies or staff, to the Board, from April 30, 2018 until the delivery date, including, but not limited to, email and text messages through any digital messaging system.

(b) Communications, reports, inquiries, updates, documents or information provided by any member of the Board and/or its staff to La Fortaleza, its officers, or any other agency or official of the government of Puerto Rico, or by the government of Puerto Rico to the Board, its members or staff, from April 30, 2018 until the delivery date, including, but not limited to, email and text messages through any digital messaging system.

3. Issue whatever other relief this court deems just and appropriate.

In San Juan Puerto Rico, this 30th day of September 2019.

*Berkan/Mendez*
*Calle O'Neill G-11*
*San Juan, Puerto Rico 00918-2301*
*Tel.: (787) 764-0814*
*Fax.: (787)250-0986*
*bermen@prtc.net*

    *By: /s/ Judith Berkan*
       *Judith Berkan*
       *USDC No. 200803*
       *berkanj@microjuris.com*

    */s/ Steven Lausell Recurt*
       *Steven Lausell Recurt*
       *USDC No. 226402*
       *slausell@gmail.com*